IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

**PATRICK HENRY,** Individually,
and on behalf of himself and other similarly
situated current and former employees,

Plaintiffs,

v.   NO. _____

**BJ'S PAINT AND WALLPAPER CO.,**
*a Tennessee For-profit Corporation,* and   **FLSA Opt-In Collective Action**
**BOBBY RAY FENTRESS**, individually,   **JURY DEMANDED**

Defendants.

## PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT

Plaintiff Patrick Henry, individually and on behalf of all others similarly situated, brings this Fair Labor Standards Act ("FLSA") collective action against the above-named Defendants and shows as follows:

### I.  NATURE OF SUIT

1. The FLSA was passed by Congress in 1938 to eliminate low wages and long hours and to correct conditions that were detrimental to the health and well-being of workers. To achieve its humanitarian goals, the FLSA "limits to 40 a week the number of hours that an employer may employ any of his employees subject to the Act, unless the employee receives compensation for his employment in excess of 40 hours at a rate not less than one and one-half times the regular rate at which he is employed." *Walling v. Helmerich & Payne,* 323 U.S. 37, 40 (1944) (discussing the requirements of 29 U.S.C. § 207 (a)).

2. Defendants violated the FLSA in that they failed to properly pay Plaintiff for all

hours he worked by not compensating him at the rate of time and one-half his regular rate of pay for all the hours worked over forty (40) hours in one workweek. Plaintiff brings this action as a collective action pursuant to 29 U.S.C. § 216(b).

## II. PARTIES

3. Plaintiff Patrick Henry is an individual who was employed by Defendants within the meaning of the FLSA within the three-year period preceding the filing of this Collective Action Complaint. Plaintiff was paid $15.00 per hour for every hour worked for Defendants, including hours worked over forty (40) in a given workweek. Plaintiff Patrick Henry hereby consents to be a party-plaintiff and the named representative plaintiff in this action and his consent form is attached as "*Exhibit A*."

4. Plaintiff and "Class Members" are Defendants' current and former hourly-paid employees who were not paid overtime pay for overtime work as required by the FLSA.

5. Defendant BJ's Paint and Wallpaper Co. is a Tennessee corporation authorized to do business, and does business, in the State of Tennessee. It can be served through its registered agent, Bobby Ray Fentress, 513 Ellen Dr., Goodlettsville, TN 37072 or wherever it may be found.

6. Defendant Bobby Ray Fentress is the owner of BJ's Paint and Wallpaper Co. and exercised operational control over the corporate defendant and its employees during the statutory period. Furthermore, Defendant Fentress determined Plaintiff's rate and method of pay and made the decision to pay Plaintiff and Class Members straight time for overtime hours which is the crux of this lawsuit. Defendant Fentress is therefore individually liable under the FLSA for the non-payment of overtime complained of herein. Defendant Fentress can be served at 513 Ellen Dr., Goodlettsville, TN 37072, or wherever he may be found.

### III. JURISDICTION AND VENUE

7. This Court has jurisdiction over this lawsuit because the suit arises under 29 U.S.C. § 201 *et seq.*

8. Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because Defendants reside in this district and because the events that form the basis of this suit occurred in this District.

### IV. CLASS DESCRIPTION

9. Plaintiff brings this action on behalf of himself and the following similarly situated persons:

> All current and former hourly paid non-exempt employees of BJ's Paint and Wallpaper Co. during the applicable limitation's period covered by this Collective Action Complaint (*i.e.* two years for FLSA violations and, three years for willful FLSA violations) up to and including the date of final judgment in this matter, and who is the Named Plaintiff and those who elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. *§* 216(b). (Collectively, "the class").

### V. COVERAGE

10. At all material times, Defendants have acted, directly or indirectly, in the interest of an employer or joint employer with respect to Plaintiff and Class Members.

11. At all times hereinafter mentioned, Defendants have been an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

12. At all times hereinafter mentioned, Defendants have been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

13. At all times hereinafter mentioned, Defendants have been an enterprise engaged

in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

14. At all times hereinafter mentioned, Plaintiff and Class Members were individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206–207.

## VI. FACTUAL ALLEGATIONS

15. Defendants paint residential and commercial buildings and structures and provide other, similar services, such as wallpapering. Defendants conduct business wherever their client's building exists, including jobs in Middle Tennessee, Louisiana, and North Carolina.

16. Defendant Bobby Ray Fentress hired and fired employees, established pay levels, and made other decisions which affected the terms and conditions of work for employees such as the Plaintiff.

17. Defendant Bobby Ray Fentress made the decision to not pay Plaintiff and the Class overtime in violation of the FLSA.

18. Throughout the statutory recovery period applicable to this action, Defendant Bobby Ray Fentress knew that the law required that the employees who worked for him be paid overtime for each hour they worked over forty (40) in any given workweek.

19. Defendant Bobby Ray Fentress is subject to personal jurisdiction in the state of

Tennessee for purposes of this lawsuit.

20. At all times material to this action, Plaintiff and all other putative Class Members employed by Defendants were engaged in commerce as their jobs required that they acquire, handle, and use goods and materials that have been moved in or produced for commerce such as cleaning supplies, paint, brushes, building materials, ladders, scaffolding, clothing, and other items.

21. At all times material to this action, Defendants have been "employers" of the Plaintiff, as defined by §203(d) of the FLSA, as well as employers of all other persons hired to work for Defendants comprising the Class.

22. Plaintiff was employed by Defendants as a full time hourly paid employee from approximately 2008 until late November 2018. He regularly worked forty (40) or more hours in a workweek for BJ's Paint and Wallpaper Co. during the last three years and the period covered by this lawsuit.

23. Plaintiff and Class Members were often required to work in excess of forty (40) hours per week.

24. Plaintiff recorded his time, typically 55 (fifty-five) to 70 (seventy) hours per week, and submitted this time to Defendants.

25. Defendants only paid straight-time for all hours worked, including those worked over forty (40) in a particular workweek.

26. In or around February of 2018, Defendants began paying Plaintiff overtime for hours worked over forty (40) per week.

27. Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice of failing to pay overtime compensation with respect to Plaintiff and

**PLAINTIFF'S ORIGINAL COMPLAINT**      **Page - 5**
Case 3:19-cv-00123   Document 1   Filed 02/13/19   Page 5 of 9 PageID #: 5

Class Members.

28. The overtime provision set forth in §207 of the FLSA applies to the Defendants.

29. Plaintiff is owed half-time pay and liquidated damages for all hours worked over forty (40), prior to February 2018, and during the statutory period.

### VII. COLLECTIVE ACTION ALLEGATIONS

30. Plaintiff re-alleges and incorporates paragraphs 1–29 as if fully set forth herein.

31. Plaintiff and Class Members were subjected to the same pay provisions and violations in that they were employed as hourly-paid workers not compensated at time-and-one-half for all hours worked in excess of forty (40) hours in a workweek.

32. Defendants' failure to compensate employees at the appropriate rate for hours worked in excess of forty (40) in a workweek as required by the FLSA results from a policy or practice of paying only regular time or straight time for overtime hours. This policy or practice was applicable to Plaintiff and Class Members. Application of this policy or practice does not depend on the personal circumstances of Plaintiff or those joining this lawsuit. Rather, the same policy or practice, which resulted in the non-payment of overtime and all hours worked, that applied to Plaintiff applied to all Class Members.

33. Defendants were aware of their obligation to pay overtime to Plaintiff and Class Members and failed to do so. Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice of failing to pay overtime compensation with respect to Plaintiff and Class Members.

### VIII. SCOPE OF LIABILITY AS TO DEFENDANT FENTRESS

34. Throughout the recovery period applicable to this action, Defendant Bobby Ray Fentress exercised operational control over the business activities and operations of Defendant

BJ's Paint and Wallpaper Co., including control over the hourly paid employees employed there.

35. In particular, Defendant Bobby Ray Fentress directed and controlled work performed by the Plaintiff and all other employees who worked for Defendant BJ's Paint and Wallpaper Co.; hired and fired employees; and implemented, approved, and/or ratified the policy of failing to pay overtime wages to Plaintiff and other current and former employees.

36. Throughout the recovery period applicable to this action, Defendant Bobby Ray Fentress was fully aware that Plaintiff and similarly-situated employees were not paid overtime for each hour of compensable work they performed over forty (40) in single workweeks while in Defendants' employ.

37. Accordingly, Defendant Bobby Ray Fentress acted "directly or indirectly in the interest of an employer in relation to" the Named Plaintiff and similarly situated employees within the meaning of §203(d) of the FLSA, and is thus individually and personally liable for the unpaid overtime wages, liquidated damages, costs and attorneys' fees, and any and all other relief sought herein.

### IX. CAUSE OF ACTION: FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

38. Plaintiff re-alleges and incorporates paragraphs 1–37 as if fully set forth herein.

39. During the relevant period, Defendants have violated and is violating the provisions of Sections 6 and/or 7 of the FLSA, 29 U.S.C. §§ 206, 207, and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as aforesaid, for workweeks longer than forty (40) hours without compensating such employees for their work in excess of forty (40) hours per week at rates no less than one-and-a-half times the regular rates for which they were employed. Defendants have acted willfully in failing to pay Plaintiff and Class Members in accordance with

**PLAINTIFF'S ORIGINAL COMPLAINT** Page - 7
Case 3:19-cv-00123 Document 1 Filed 02/13/19 Page 7 of 9 PageID #: 7

the law.

## X.   RELIEF SOUGHT

40.   WHEREFORE, cause having been shown, Plaintiff prays for judgment against Defendants as follows:

a. Order the Defendants to file with this Court and furnish to counsel a list of all names, telephone numbers, e-mail addresses and home addresses of employees holding hourly-paid positions who have worked for the Defendants within the last three years;

b. Authorize Plaintiff's counsel to issue notice via U.S. mail, text message, and e- mail at the earliest possible time to all hourly-paid employees who have worked for the Defendants within the last three years, informing them that this action has been filed, of the nature of the action, and of their right to opt-in to this lawsuit if they were deprived of overtime compensation, as required by the FLSA;

c. For an Order pursuant to Section 16(b) of the FLSA finding Defendants liable for unpaid back wages due to Plaintiff (and those who may join this suit) and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those who may join this suit);

d. For an Order awarding Plaintiff (and those who may join this suit) the costs of this action;

e. For an Order declaring that Defendants' violations of the FLSA were willful;

f. For an Order awarding Plaintiff (and those who may join this suit) attorneys' fees;

g. For and Order awarding Plaintiff (and those who may join this suit) pre-judgment and post-judgment interest at the highest rates allowed by law;

h. Award a reasonable incentive award for the Plaintiff to compensate him for the time

and effort he has spent protecting the interests of the Class and the risks he has undertaken; and

i. For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully Submitted,

*/s/J. Russ Bryant*
J. Russ Bryant (TN BPR #33830)
Robert E. Turner, IV (TN BPR #35364)
Nathaniel A. Bishop (TN BPR #35944)
**JACKSON, SHIELDS, YEISER & HOLT**
Attorneys at Law
262 German Oak Drive
Memphis, Tennessee 38018
Tel: (901) 754-8001
Fax: (901) 759-1745
*rbryant@jsyc.com*
*rturner@jsyc.com*
*nbishop@jsyc.com*

and

Nina Parsley (TN BPR #23818)
**PONCE LAW**
400 Professional Park Drive
Goodlettsville, TN 37072
*nina@poncelaw.com*

*Attorneys for Plaintiff and similarly situated current and former employees*